## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY BRAZIL, | |
| Plaintiff, | CIVIL ACTION NO. 3:22-CV-01514 |
| v. | (MEHALCHICK, J.) |
| SCRANTON SCHOOL BOARD, et al., | |
| Defendants. | |

## MEMORANDUM

Before the Court is a motion to dismiss the second amended complaint filed by Defendants' Special Agent Robert McHugh ("McHugh") and Trooper Michael Mulvey ("Mulvey") (collectively "Commonwealth Defendants"). (Doc. 41; Doc. 44). Plaintiff Jeffrey Brazil ("Brazil") filed the above-captioned action on September 23, 2022, alleging violations of his Fourth, Fifth, and Fourteenth Amendments rights under 42 U.S.C § 1983 and state law. (Doc. 1). For the following reasons, Commonwealth Defendants' motion to dismiss the second amended complaint shall be **DENIED in part** and **GRANTED in part**. (Doc. 44).

## I. BACKGROUND AND PROCEDURAL HISTORY

The following background is taken from Brazil's second amended complaint. (Doc. 41). Brazil was employed by the Scranton School District (the "District") as the Director of Facilities from January 2012 until March 2019, when he resigned due to an injury. (Doc. 41, ¶¶ 22, 70, 71). During this time, Brazil "voluntarily and proactively tested Scranton schools for environmental hazards." (Doc. 41, ¶ C). This action arises from Brazil's prosecution for allegedly failing to share the results of this testing while working for the Scranton School District. (Doc. 41, ¶ 78, 87).

According to Brazil, Commonwealth Defendants exploited and misrepresented his actions as Director of Facilities "to maliciously prosecute and falsely arrest [Brazil]." (Doc.

41, ¶ C). Using information provided by the Scranton School Board, Commonwealth Defendants swore an affidavit of probable cause and a criminal complaint "littered with intentionally false statements" and misrepresentations to charge Brazil with "child endangerment." (Doc. 41, ¶ 1). In their affidavit of probable cause, Commonwealth Defendants claimed Brazil endangered students because he "intentionally concealed" information about biohazards in the Scranton School District. (Doc. 41, ¶¶ 1, 89). Brazil pleads that Commonwealth Defendants knew the information given to them by the Scranton School Board was false but used it in their affidavit anyway. (Doc. 41, ¶ 1).

After Brazil's arrest in September 2020, the Attorney General's Office held a press conference. (Doc. 41, ¶¶ 107-109). During the press conference, then-Attorney General Joshua Shapiro "made bombastic and slanderous remarks about Mr. Brazil designed to generate 'buzz' and positive publicity" about his case, likening it to what happened in schools in Flint, Michigan. (Doc. 41, ¶ 109). However, after an investigating grand jury was convened, but before a preliminary hearing, the Attorney General's office dropped all charges against Brazil. (Doc. 41, ¶¶ 93, 101).

In his second amended complaint, Brazil sets forth the following causes of action against the Commonwealth Defendants: Malicious Prosecution under 42 U.S.C. § 1983 for Violation of the Fourth Amendment of the United States Constitution and Pennsylvania Common Law (Count II); Malicious Use and Abuse of Process under 42 U.S.C. § 1983 (Count III); and False Arrest and Imprisonment under 42 U.S.C. § 1983 and Common law (Count IV). (Doc. 41). Brazil seeks damages, including punitive damages and attorneys' fees, as well as a "declaratory judgment that Defendants' acts complained of herein have violated and continue to violate the rights of Plaintiff." (Doc. 41, at 32, 34, 36).

On October 23, 2023, Commonwealth Defendants filed a motion to dismiss the second amended complaint. (Doc. 44). On November 6, 2023, Commonwealth Defendants filed a brief in support of their motion and accompanying documents. (Doc. 45; Doc. 45-1; Doc. 45-2). On December 19, 2023, Brazil filed a brief in opposition and accompanying exhibits. (Doc. 55; Doc. 55-1; Doc. 55-2). On December 20, 2023, Brazil filed a supplemental table of contents.[1] (Doc. 57; Doc. 59; Doc. 60). The motion to dismiss is now fully briefed and ripe for disposition. (Doc. 44; Doc. 45; Doc. 55; Doc. 57; Doc. 59; Doc. 60).

## II. STANDARD OF LAW

### A. MOTION TO DISMISS

Rule 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not

---

[1] It appears counsel attempted to file this document, a table of contents and authority, three times. (Doc. 57; Doc. 59; Doc. 60). However, the first two iterations of the table of contents are littered with "Error! Bookmark not defined" statements. (Doc. 57; Doc. 59; Doc. 60).

entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions…'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1429-30 (3d Cir. 1997)). The court also need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. St. Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347. The Third Circuit has further instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit

4

a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

      B.    Section 1983

      Commonwealth Defendants are state actors for purpose of Section 1983. *See Kline ex rel. Arndt v. Mansfield*, 454 F. Supp. 2d 258, 262 (E.D. Pa. 2006). To state a claim under Section 1983, a plaintiff must meet two threshold requirements. Accordingly, in this case Brazil must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, she was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42 (1988); *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). If a defendant fails to act under color of state law when engaged in the alleged misconduct, a civil rights claim under section 1983 fails as a matter of jurisdiction, *Polk Cty. v. Dodson*, 454 U.S. 312, 315 (1981), and there is no need to determine whether a federal right has been violated. *Rendell–Baker v. Kohn*, 457 U.S. 830, 838 (1982).

      "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988); *see also Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003) (citing *Rode*, 845 F.2d at 1207). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode*, 845 F.2d at 1207; *accord Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1293-96 (3d Cir. 1997); *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190-91 (3d Cir. 1995). As explained in *Rode*:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode*, 845 F.2d at 1207.

With respect to punitive damages for a Section 1983 violation, this remedy is only available "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30 (1983). Regarding federal civil rights claims, "reckless indifference" refers to the defendant's knowledge of the illegality of his actions, not the egregiousness of his actions. *Alexander v. Riga*, 208 F.3d 419, 431 (3d Cir. 2000) (citing *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 536 (1999)).

## III.   DISCUSSION

Commonwealth Defendants move to dismiss the second amended complaint for the following reasons; (1) neither the Fifth nor the Fourteenth Amendment are applicable in this case; (2) Brazil has failed to plead a *prima facie* case for malicious prosecution; (3) Brazil's false arrest and false imprisonment claims fail because Commonwealth Defendants had probable cause to arrest Brazil; (4) Commonwealth Defendants are entitled to sovereign immunity for all state law claims; and (5) Brazil has failed to plead a *prima facie* case for abuse of process. (Doc. 45, at 3). The Court will address these arguments *seriatim*.

### A.   BRAZIL'S CLAIMS ASSERTED UNDER THE FIFTH AND FOURTEENTH AMENDMENT

Commonwealth Defendants argue the Fifth and Fourteenth Amendment are "not the appropriate source for the constitutional protections sought" by Brazil for Count II, Count III, and Count IV. (Doc. 41, ¶¶ 135, 145, 152; Doc. 45, at 11). Brazil states he does not oppose the dismissal of his claims against Commonwealth Defendants under the Fifth and Fourteenth Amendment. (Doc. 55. at 9 n.8). Accordingly, all claims asserted under the Fifth and Fourteenth Amendment are **DISMISSED** with prejudice.

6

B.    Brazil's Malicious Prosecution Claim under Section 1983

Commonwealth Defendants move to dismiss Count II of the second amended complaint, arguing that Brazil failed to meet his *prima facie* pleading burden for his malicious prosecution claim. (Doc. 45, at 13-21). To state a claim for malicious prosecution, a plaintiff must satisfy the common law elements of the tort. *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 792 (3d Cir. 2000). Thus, to prevail on a Fourth Amendment malicious prosecution claim, Brazil must allege "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007) *(*citing *Estate of Smith v. Marasco,* 318 F.3d 497, 521 (3d Cir. 2003). A law enforcement officer may be liable for malicious prosecution where he "influenced or participated in the decision to institute criminal proceedings." *Halsey v. Pfeiffer,* 750 F.3d 273, 297 (3d Cir. 2014) (citing *Sykes v. Anderson*, 625 F.3d 294, 308–09, 317 (6th Cir. 2010).

A Fourth Amendment malicious prosecution claim is "intended to redress [the] deprivation of liberty accompanying prosecution, not prosecution itself." *DiBella v. Borough of Beachwood*, 407 F.3d 599, 603 (3d Cir. 2005); *see Gallo*, 161 F.3d at 222–24 (citing *Albright v. Bright*, 510 U.S. 266, 278-79 (1994)). The constitutional component of the claim also requires a showing of a loss of liberty beyond simply showing an unlawful arrest. *Merkle*, 211 F.3d at 792 (citing *Gallo v. City of Philadelphia*, 161 F.3d 217, 225 (3d Cir. 1998)). "The claim arises from the prosecution, not the arrest. The alleged seizure must emanate from the prosecution, and 'must occur chronologically after the pressing of charges.'" *Roberts v. Caesar's Entertainment, Inc.*, 72 F. Supp. 3d 575, 581 (E.D. Pa. 2014) (citing *Basile v. Twp. of Smith*, 752

F. Supp. 2d 643, 659 (W.D. Pa. 2010)). It therefore follows that events that proceeded the initiation of prosecution, such as those between the initial encounter with the police and the filing or initiation of formal charges, are not the proper focus of or basis for a malicious prosecution claim. *Roberts*, 72 F. Supp. 3d at 581. Here, Commonwealth Defendants assert they cannot be held liable for malicious prosecution because, while the criminal proceedings may have ended favorably for Brazil, he has failed to allege the other four elements of a malicious prosecution claim. (Doc. 45, at 3). The Court will review each of the challenged elements.

### 1.    Initiation of Criminal Proceedings

First, Brazil must show Commonwealth Defendants "initiated proceedings" against him. For malicious prosecution claims implicating law enforcement, a plaintiff must plead facts demonstrating that the officers concealed or misrepresented material facts such that they "influenced or participated in the decision to institute criminal proceedings[.]" *Halsey*, 750 F.3d at 297. These facts need not be presented directly to the district attorney, attorney general, or prosecutor, but must somehow influence the State's decision to institute criminal proceedings. *See Thomas v. City of Philadelphia*, 290 F. Supp. 3d 371, 380 (E.D. Pa. 2018).

In this case, Brazil sets forth well-pleaded facts indicating Commonwealth Defendants concealed and misrepresented material facts. *Halsey*, 750 F.3d at 297. In his second amended complaint, Brazil alleges "Mulvey and McHugh knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in their affidavit of probable cause and criminal complaint. Their false statements were unquestionably material to determining whether there was probable cause [for] Mr. Brazil's arrest." (Doc. 41, ¶ 122). Beyond this broad allegation, Brazil details a number of specific statements Commonwealth Defendants swore to be true in their affidavit of probable cause

and criminal complaint but knew to be "false and misleading." (Doc. 41. ¶ 105(a-s)). One of several examples of such allegations is as follows. Brazil highlights this statement sworn to be true by Commonwealth Defendants: "'While 2018 water test results were forwarded by Mr. Brazil to the prior SSD administration ie, Kirijan's administration, water facilities were not disconnected and no warning signs were placed on them.'" (Doc. 41, ¶ 105(i)). Then, he alleges:

> This statement is a lie and intentionally misleading. First, the [Commonwealth] Defendants were aware that there was no directive to turn the water sources off nor was it criminal to replace water fountains with bottled water. They were further aware that Mr. Brazil was on medical leave when the 2018 water results were received. He dutifully alerted Joseph Slack and the superintendent. He directed Slack to disconnect the water needed and was told that it would be done. Defendants admit this. Defendants were at all times aware of this and intentionally lied in their presentment, affidavit of probable cause, and criminal complaint.

(Doc. 41, ¶ 105(i)).

Taking this allegation, as well as the numerous others detailed similarly, as true for the purpose of a motion to dismiss, Brazil has sufficiently alleged that Commonwealth Defendants intentionally provided the prosecution with false and misleading information, thus satisfying the "instituted criminal proceedings" element of his malicious prosecution claim. *Cf. Gebhart v. Steffen*, 574 F. App'x 156 (3d Cir. 2014) (dismissing a claim for malicious prosecution because plaintiff made "no effort to identify the misrepresented facts or describe how the charges were exaggerated and baseless.").

### 2. Probable Cause

Second, Brazil must allege Commonwealth Defendants instituted proceedings against Brazil without probable cause. *Johnson*, 477 F.3d at 81-82. In this case, the parties' arguments regarding the probable cause element center on the applicability of the

presentment/indictment presumption of probable and whether it should be rebutted. (Doc. 45, at 15-18; Doc. 55, at 13-18).

The existence of probable cause is an absolute defense to a malicious prosecution action. *See Givens v. Wal-Mart Stores, Inc.*, No. 22-2989, 2023 WL 7144628, at *2 (3d Cir. Oct. 31, 2023). "The plaintiff has the burden of proving lack of probable cause and despite the difficulty of establishing a negative, the requirement is rigidly enforced." *Martinez v. E.J. Korvette, Inc.*, 477 F.2d 1014, 1016 (3d Cir. 1973). Probable cause exists "whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." *United States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2022) (citing *Beck v. Ohio*, 379 U.S. 89, 91 (1964)).

Both a grand jury indictment and a presentment constitutes *prima facie* evidence of probable cause. *Rose v. Bartle*, 871 F.2d 331, 352 (3d Cir. 1989). However, "a grand jury indictment or presentment does not suffice as evidence of probable cause for purposes of a malicious prosecution action where the indictment or presentment was procured by fraud, perjury or other corrupt means." *Rose*, 871 F.2d at 352. In this case, even though Brazil concedes that a presentment was secured against him, thus triggering the presumption, the second amended complaint "enumerates 19 specific examples of [Commonwealth] Defendants misrepresenting information" to secure that presentment. (Doc. 41, ¶ 105(a-s); Doc. 55, at 16). Thus, while the presumption may apply, Brazil has sufficiently rebutted it by alleging the presentment was secured "by fraud, perjury, and other corrupt means." (Doc. 41); *Rose*, 871 F.2d at 352. *See Xi v. Haugen*, 68 F.4th 824, 841 (3d Cir. 2023) (finding Plaintiff successfully rebutted the probable cause presumption because "the Complaint alleged at least seven discrete instances of [Defendant] intentionally, knowingly, and/or recklessly providing

10

false information that led to [Plaintiff's prosecution."). Accordingly, he has satisfied his pleading burden as to the probable cause element of his claim.

### 3. Malicious Intent

Next, regarding the fourth element, Brazil must plead facts that establish Commonwealth Defendants "acted maliciously or for a purpose other than bringing the plaintiff to justice." *Johnson*, 477 F3d at 81-82. "Actual malice in the context of malicious prosecution is defined as either ill will in the sense of spite, lack of belief by the actor himself in the propriety of the prosecution, or its use for an extraneous improper purpose." *Vanderklok v. United States,* No. CV 15-00370, 2016 WL 4366976, at *16 (E.D. Pa. Aug. 16, 2016), *rev'd in part, appeal dismissed in part*, 868 F.3d 189 (3d Cir. 2017), *and order vacated on reconsideration*, No. CV 15-0370, 2018 WL 10435272 (E.D. Pa. Apr. 23, 2018) (quoting *Lee v. Mihalich*, 847 F.2d 66, 70 (3d Cir. 1988*), abrogated on other grounds, Albright*, 510 U.S. 266). As explained by the Third Circuit in *Boseman v. Upper Providence Township*, simply stating that officers acted with malice is insufficient to sustain a malicious prosecution claim. 680 F. App'x 65, 69 (3d Cir. 2017). To satisfy his pleading burden, Brazil must plead Commonwealth Defendants' malice beyond a "conclusory allegation." *Boseman*, 680 F. App'x at 69. However, "[m]alice may be inferred from the absence of probable cause," so long as the probable cause factor is sufficiently plead. *Lippay v. Christos*, 996 F.2d 1490, 1502 (3d Cir. 1993), *abrogated on other grounds*, Albright v. Bright, 510 U.S. 266, 266 (1994)); *see Boseman*, 680 F. App'x at 69; *see also Henderson v. City of Philadelphia*, 853 F. Supp. 2d 514, 419 (E.D. Pa. 2014). Because Brazil has sufficiently alleged that Commonwealth Defendants lacked probable cause, malice may be inferred at this stage of the pleadings.

11

4.     **Deprivation of Liberty**

Lastly, regarding element five, Brazil must allege a "deprivation of liberty consistent with the concept of seizure as a consequence of the legal proceeding." *Johnson*, 477 F.3d at 81-82. This deprivation of liberty must be within the meaning of the Fourth Amendment and must occur because of the malicious prosecution—after charges are pressed. *Basile v. Twp. of Smith*, 752 F. Supp. 2d 643, 659 (W.D. Pa. 2010).

Brazil was arrested on September 30, 2020, "confined against his will" and charged with serious criminal charges. (Doc. 11, ¶¶ 77, 94, 107). This alone is sufficient to satisfy this element. *See Black v. Montgomery Cty.*, 835 F.3d 358, 368 (3d Cir. 2016), *as amended* (Sept. 16, 2016) ("A traditional arrest by an officer is a commonly understood type of seizure.") (citing *Ashcroft v. al–Kidd*, 563 U.S. 731, 735 (2011)). Thus, Brazil's allegations are sufficient to satisfy the deprivation of liberty element of his malicious prosecution claim. *See Brazil v. Scranton Sch. Bd.*, No. 3:22-CV-01514, 2023 WL 5916470, at *10 (M.D. Pa. Sept. 11, 2023).

C.     BRAZIL'S FALSE IMPRISONMENT AND FALSE ARREST CLAIMS UNDER SECTION 1983

Commonwealth Defendants move to dismiss Count IV of the second amended complaint, arguing Brazil's false imprisonment and false arrest claims should be dismissed for lack of probable cause. (Doc. 45, at 22). Brazil maintains his same argument for probable cause as discussed *supra*. (Doc. 55, at 13-18). To sustain a claim for false imprisonment and false arrest, a plaintiff again must allege defendants lacked probable cause. *See Etzle v. Glova*, No. 3:22-CV-00139, 2023 WL 2578254, at *8 (M.D. Pa. Mar. 20, 2023). Because the Court has determined that Brazil sufficiently alleged Commonwealth Defendants lacked probable cause, Commonwealth Defendants' motion to dismiss these claims is **DENIED**. *Cruz v. City of Pottsville*, No. 3:21-CV-00283, 2022 WL 2733207, at *7 (M.D. Pa. May 19, 2022), *report and*

*recommendation adopted*, No. 3:21-CV-283, 2022 WL 2132844 (M.D. Pa. June 14, 2022) (denying a motion to dismiss a false arrest and false imprisonment claim where, [a]t [the motion to dismiss] stage, Plaintiffs have at least alleged that the arresting officers had no probable cause or lawful reason to seize them, yet there did so anyway.").

D.   MALICIOUS ABUSE OF PROCESS UNDER SECTION 1983

Commonwealth Defendants move to dismiss Count III of the second amended complaint, Brazil's malicious use and abuse of process claim asserted under Section 1983. (Doc. 41, ¶¶ 136-146; Doc. 45, at 24-26). "[A] section 1983 claim for malicious abuse of process lies where 'prosecution is . . . used for a purpose other than that intended by the law.'"[2] *Rose*, 871 F.2d at 350 n.17 (quoting *Jennings v. Shuman,* 567 F.2d 1213, 12178 (3d Cir. 1977). "To establish an abuse of process claim, 'there must be some proof of a definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of [the] process.'" *Moss v. Miller*, No. 1:18-CV-2122, 2019 WL 3294874, at *6 (M.D. Pa. June 24, 2019), *report and recommendation adopted*, No. 1:18-CV-2122, 2019 WL 3288191 (M.D. Pa. July 22, 2019) (quoting *Cash v. U.S. Dep't of Homeland Sec.*, No. 18-CV-2114, 2018 WL 2445678, at *6 (E.D. Pa. May 31, 2018) (citation omitted). "[T]here is no cause of action for abuse of process if the claimant, even with bad intentions, merely carries out the process to its authorized conclusion." *Cameron v. Graphic Mgmt. Assocs.*, 817 F. Supp. 19, 21 (E.D. Pa. 1992).

In his second amended complaint, Brazil alleges that Commonwealth Defendants abused the legal process by filing a probable cause affidavit they knew contained false and misleading information. (Doc. 41, ¶ 139). Brazil also alleges that, beyond Commonwealth

---

[2] "[T]he presence or absence of probable cause, [i.e., whether or not process is initiated legitimately,] is irrelevant to malicious abuse of process." *Jennings*, 567 F.2d at 1217.

Defendants' actions, the Attorney General was motivated to prosecute Brazil to gain media attention and held a press conference "'dog and pony' show" to do exactly that. (Doc. 41, ¶¶ 107-109). Where Brazil's malicious abuse of process claim fails is in alleging facts that connect the Commonwealth Defendant's actions to what Brazil argues was the Attorney General's unlawful purpose in bringing charges. Brazil fails to allege Commonwealth Defendants pursued charges against Brazil solely for the purpose of gaining media attention for the Attorney General.

Other than stating "[t]he [Commonwealth] Defendants went along with the AG's office's political stunt (i.e. their press conference) following the discovery of lead in Flint, Michigan schools because it made for good headlines. This can be the only reasonable explanation given the facts of this case," and the conclusory allegation that Commonwealth Defendants "facilitated this charade," Brazil does not provide any facts that support Commonwealth Defendants pursued charges against Brazil because of the Attorney General's desire for media attention. (Doc. 41, ¶¶ 107-09). Commonwealth Defendants are not the Office of Attorney General and, because they are sued in their individual capacities, the actions of the Office of Attorney General, a separate legal entity, cannot be contributed to Commonwealth Defendants. *See Brazil v. Scranton Sch. Bd.,* No. 3:22-CV-01514, 2023 WL 5916470, at *19 (M.D. Pa. Sept. 11, 2023). Also, Brazil alleges no additional facts to support his argument that Commonwealth Defendants brought charges against him for a purpose other than carrying out the legal process "to its authorized conclusion" even if "their intentions were bad." *Cameron*, 817 F. Supp. at 21. Accordingly, Commonwealth Defendants' motion to dismiss Count III will be **GRANTED** without prejudice and Brazil's malicious use and abuse of process claims are **DISMISSED**.

14

E.    BRAZIL'S STATE AND COMMON LAW CLAIMS AND SOVEREIGN IMMUNITY

Commonwealth Defendants move to dismiss Brazil's state law claims from Count II and Count IV for malicious prosecution, false imprisonment, and false arrest arguing they are barred by sovereign immunity. (Doc. 45, at 23-24). Brazil does not respond to this argument in his briefing. (Doc. 55).

Under Pennsylvania law, the Commonwealth, its agencies and employees enjoy broad immunity from most state law tort claims, as the General Assembly has by statute provided that "the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." 1 Pa. Cons. Stat. § 2310; *see also Moore v. Commonwealth*, 538 A.2d 111, 115 (Pa. Commw. Ct. 1988) ("In other words, if the Commonwealth is entitled to sovereign immunity under Act 152, then its officials and employees acting within the scope of their duties are likewise immune"). This grant of immunity "applies to Commonwealth employees in both their official and individual capacities, so long as the employees are 'acting within the scope of their duties.'" *Larsen v. State Employees' Ret. Sys.,* 553 F. Supp. 2d 403, 420 (M.D. Pa. 2008). Conduct of an employee is within the scope of employment if "'it is of a kind and nature that the employee is employed to perform; [and] it occurs substantially within the authorized time and space limits ....'" *Brautigan v. Fraley*, 684 F. Supp. 2d 589, 593-94 (M.D. Pa. 2010); *see also Faust v. Dep't of Revenue*, 592 A.2d 835 (1991) (holding that a Commonwealth employee was protected under sovereign immunity from liability from intentional acts which caused emotional distress when he was acting within the scope of his duties).

Without question, a police officer's acts of investigating criminal conduct, filing criminal charges, and arresting individuals suspected to have committed crimes are within the

scope of his employment. *See, e.g. Ginter v. Skahill*, No. 04-2444, 2006 WL 3043083 at \*12 (E.D. Pa. Oct. 17, 2006) (holding that the trooper "was acting within the scope of his duties as a Pennsylvania State Trooper when he investigated and applied for arrest warrants for Plaintiffs," and was immune from "claims of false imprisonment, false arrest and malicious prosecution"). "Under Pennsylvania law, even unauthorized acts may be within the scope of employment 'if they are clearly incidental to the master's business.'" *Brumfield v. Sanders*, 232 F.3d 376, 381 (3d Cir. 2000) (quoting *Shuman Estate v. Weber*, 419 A.2d 169 (Pa. Super. 1980)). "Where a state trooper is on duty and investigating a crime throughout the duration of the alleged offenses, [he] is acting within the scope of his employment and sovereign immunity will require the dismissal of state law claims against [him]." *DeForte v. Borough of Worthington*, 364 F.Supp.3d 458, 487 (W.D. Pa. 2019); *see also La Frankie v. Miklich*, 618 A.2d 1145, 1149 (Pa. 1992) (holding that a state trooper was immune from liability for false prosecution, false arrest, and abuse of process claims).

With this law in mind and in consideration of Brazil's failure to oppose Commonwealth Defendants' arguments, Commonwealth Defendant's motion to dismiss is **GRANTED** and Brazil's state law claims asserted in Count II and Count IV against Commonwealth Defendants in their official capacities are **DISMISSED** with prejudice as barred by sovereign immunity.

## IV.   LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). In civil rights cases, District Courts are to follow this instruction "even [if] the plaintiff [is] represented by experienced counsel [and] never sought leave to amend." *Shane v. Fauver*,

213 F.3d 113, 116 (3d Cir. 2000) (citing *Dist. Council 47 v. Bradley*, 795 F.2d 310, 316 (3d Cir. 1986)). In this case, Brazil has already filed two amended complaints, and does not request further amendment in the brief in opposition to Commonwealth Defendants' motion to dismiss. (Doc. 55). Accordingly, the Court will not grant leave to amend, and this matter shall proceed on the amended complaint. *See Rothermel v. Dauphin Cty., Pennsylvania*, No. 1:16-CV-1669, 2018 WL 4680093, at *14 (M.D. Pa. Sept. 28, 2018) (denying leave to amend where plaintiffs did not request further amendment in Rule 12 briefing).

## V.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED in part** and **DENIED in part**. (Doc. 41). As to the claims detailed in Count II and Count IV of the second amended complaint as asserted under Section 1983, Commonwealth Defendants' motion is **DENIED**. As to Brazil's malicious abuse of process claim detailed in Count III, Brazil's claims asserted under the Fourteenth and Fifth Amendment against Commonwealth Defendants, and Brazil's state law claims asserted in Count II and Count IV against Commonwealth Defendants, Commonwealth Defendants' motion is **GRANTED** and those claims are **DISMISSED**. Leave to amend is **DENIED** and this case with proceed on the remaining claims in the second amended complaint.

An appropriate Order follows.

Dated: June 3, 2024                          *s/ Karoline Mehalchick*
                                             **KAROLINE MEHALCHICK**
                                             **United States District Court Judge**

17